UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____ DIVISION

IN ADMIRALTY
CASE NO. 00- **00-6187**

YACHTS EAST, INC., A Florida
corporation, and NEW RIVER
BOAT CLUB, INC. d/b/a NEW
RIVER MARINA, a Florida corporation,

**CIV - GOLD**

Plaintiffs,

**MAGISTRATE JUDGE SIMONTON**

vs.

M/V Sarah Michelle, Official Number
904827, her engines, tackle, apparel
and other appurtenances, *in rem*, and
DOUBLE EAGLE AVIATION, INC.,
A foreign corporation, *in personam*,

Defendants.
_____/

### MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Pursuant to Local Admiralty Rule E(10)(c), the Plaintiffs, YACHTS EAST, INC. (hereinafter "YACHTS EAST") and NEW RIVER BOAT CLUB, INC. d/b/a NEW RIVER MARINA, by and through its undersigned counsel, represents the following:

1.  On February 4, 2000, Plaintiffs initiated the above-styled action against the vessel *M/V Sarah Michelle*, her engines, tackle, apparel, furniture and furnishings, equipment, engines and appurtenances.

2.  On February ____, 2000, the Clerk of the District Court issued a Warrant of Arrest against the vessel *M/V Sarah Michelle* directing the U.S. Marshal to take custody of the vessel, and to retain custody of the vessel pending further order of this Court.

3.  Subsequent to the issuance of the Warrant of Arrest, the Marshal will take steps to immediately seize the vessel. Thereafter, continual custody by the Marshal will require the

1

services of at least one custodian at the costs set forth in the Affidavit of Substitute Custodian, concurrently filed herewith.

4. The vessel is currently docked at New River Marina, 3001 State Road 84, Fort Lauderdale, Florida 33312 and is subject to the approval of the Court, the substitute custodian is prepared to provide security, wharfage, and routine services for the safekeeping of the vessel at a cost substantially less than that presently required by the Marshal and as set forth in the Affidavit of Substitute Custodian filed herewith. The substitute custodian has also agreed to continue to provide these services pending further order of this Court.

5. The substitute custodian has adequate personnel and experience and adequate facilities exist where she is berthed for the care, maintenance and security of the vessel.

6. Concurrent with the Court's approval of the Motion for Appointment of the Substitute Custodian, Plaintiff and the Substitute Custodian will file a Consent and Indemnification Agreement in accordance with Local Admiralty Rule E(10)(c)(2).

THEREFORE, in accordance with the representations set forth in this instrument, and subject to the filing of the indemnification agreement noted in Paragraph 6 above, Plaintiffs request this Court to enter an order appointing NEW RIVER BOAT CLUB, INC. d/b/a NEW RIVER MARINA as the Substitute Custodian for the vessel *M/V Sarah Michelle*.

DATED at this ____ day of February 2000.

JAMES W. STROUP, P.A.
Attorneys for Plaintiff
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
(954) 462-8808; Fax 462-0278
E-mail: StroupLaw@aol.com

By: _____
JAMES W. STROUP
Florida Bar No. 0842117